### Duane L. MICHAEL and Janice G. Michael, Appellants,

### v.

### Darrell F. MICHAEL and Esther Michael, Appellees.

### No. 89–610.

Supreme Court of Iowa.

Oct. 17, 1990.

---

Troyce A. Wheeler, Council Bluffs, and Dean T. Jennings of McGinn, McGinn & Jennings, Council Bluffs, for appellants.

Reed H. Reitz of Reimer, Lohman & Reitz, Denison, for appellees.

Considered by McGIVERIN, C.J., and LARSON, SCHULTZ, SNELL and ANDREASEN, JJ.

SCHULTZ, Justice.

The plaintiffs, Duane L. Michael and Janice G. Michael and the defendants, Darrell F. Michael and Esther Michael reside on adjoining farms north of Magnolia, Iowa. Plaintiffs sought an injunction enjoining defendants from spreading manure slurry (slurry) from a hog confinement operation on defendants' farm in an area approximately one quarter of a mile south of plaintiffs' house. Following an evidentiary hearing, the trial court found that at times a nuisance did exist. It enjoined defendants from spreading the slurry on a described eighty acres from April 1 to December 1 of each year unless the slurry could be incorporated into the soil within forty-eight hours from the time of the spreading.

Plaintiffs appeal, asking that the scope of the injunction be modified to require that the slurry be incorporated into the soil on the same date the material is spread.

Defendants cross-appeal contending that the court erred in finding that the spreading of slurry created a nuisance and that injunctive relief is required. We affirm the trial court's order in all respects except that we modify the injunction to require that the slurry be incorporated into the soil on the same date the material is spread.

Our review of equity cases is de novo. Iowa R.App.P. 4. We have reviewed the record and agree with the trial court's findings of fact. We shall briefly summarize the facts. Plaintiff Duane has lived at his present farm since 1960. Defendants have lived on their farm since 1958 and constructed two hog confinement units on their property in 1969 and 1975 respectively. Each unit contains a pit to store hog slurry. This slurry is removed from the pits and spread over the farm fields. The spreading of the slurry causes an extremely offensive odor which may last for approximately one week. However, defendants stagger the spreading of the slurry resulting in an odor that may last as long as twenty days.

Plaintiffs have experienced the strong, unpleasant smell between April 1 and December 1, when the prevailing winds are from the south to the north. Spreading of the slurry and the resulting odor causes plaintiffs considerable distress and interferes with enjoyment of their home. The odor has caused Janice Michael to become ill. Also, when entertaining, plaintiffs' guests were required to leave the deck to escape the nauseous odor. The strength of the odor could be reduced to a reasonable degree if the defendants would incorporate the slurry into the soil within a few hours after spreading it. Plaintiff Duane testified that he and a neighbor had requested Darrell to take steps to correct the situation but that the defendant refused and stated "there is nothing you can do about it."

We agree that plaintiffs have established by clear and convincing evidence that spreading of the slurry creates a nuisance. We also agree with the trial court's determination on both the described eighty acres and the April 1–December 1 time period specified in the injunction. We disagree with the trial court's ruling that defendants may have forty-eight hours to incorporate the slurry into the soil.

The facts of this case are quite similar to those found in *Valasek v. Baer*, 401 N.W.2d 33 (Iowa 1987). In *Valasek* we determined that the spreading of hog manure slurry constituted a nuisance and that injunctive relief was appropriate. *Id.* at 35. As in *Valasek*, we believe that it is reasonable to require the defendants to incorporate the slurry into the soil on the same date the material is spread. *Id.* at 36. We believe that it is unreasonable to allow a nuisance, such as the spreading of slurry and the resulting odor, to continue for two days when the problem can be cured promptly.

In summary, we affirm the trial court except that we modify the injunction to require the incorporation of the slurry into the soil on the same date that it is spread. Costs on appeal are assessed against defendants.

AFFIRMED AS MODIFIED.